WILLIAM H. PUFFER *vs.* L. P. SOULE & SON COMPANY.

Sagadahoc.     Opinion March 8, 1922.

*To recover of A for services rendered at the request of B, it must appear that B was the duly authorized agent of A, or that the services enured to the benefit of A.*

Action to recover for services rendered at the request of one Charles Glenn.     The case fails to show that Glenn was, or claimed to be, the defendant's agent for any purpose, or that the services enured to the defendant's benefit.

The plaintiff also claims to recover under an alleged express promise by letter. The letter, however, seems to relate to other and earlier services, not involved in the suit, and which were admittedly paid for after the date of the letter.

If, however, the letter has reference to the services in suit, consideration necessary to make it a binding contract is lacking.

On report on agreed statement.     This is an action of assumpsit to recover $93.15 for personal services and expenses in recruiting laborers for the defendant corporation.     The defendant denied that it had ever employed plaintiff, or that he had been employed by any authorized agent of it.     Judgment for the defendant.

The case is fully stated in the opinion.

*Ralph O. Dale,* for plaintiff.

*Walter S. Glidden,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

DEASY, J.     On agreed statement.     The plaintiff was employed to secure laborers for the housing project of the Shipping Board Emer-

gency Fleet Corporation at Bath. Pursuant to this employment he performed services and incurred expenses between October 14th and 22d, 1918 as set forth in his writ. The defendant participated in the housing project under a contract with the Shipping Board which in the contract was denominated "the Owner." In the same contract the defendant was called "the Contractor."

According to the contract it was to furnish materials and employ labor with funds advanced or might pay for the same and be reimbursed. How the defendant was to be paid for its own services or that of its officers does not appear.

The plaintiff was employed by one Charles Glenn who was not an officer or member of the defendant corporation, but was and at the time of his employment, known by the plaintiff to be an agent or employee of the Shipping Board, to wit, its Project Superintendent.

The plaintiff contends however, that Glenn was authorized to employ, and did employ him (the plaintiff) to perform the services involved in this action for and upon the credit of the defendant.

The plaintiff also relies upon an alleged express written promise by the defendant to pay the bill in suit.

In September, 1918, the plaintiff was employed by Glenn as labor scout in the said housing project. The bill for this service seems to have been paid after October 16th, 1918. On October 10th, 1918, the plaintiff wrote the "Paymaster" to "Please inform me why I do not get my money."

The agreed statement says that "The defendant returned the letter to the plaintiff with the following reply written on the bottom of the same":

"10-16-18

This matter has been held up on account of our Auditor being busy with the Influenza Epidemic. He is now on the job and will endeavor to get a check to you next week.

L. P. SOULE & SON CO.

O. H. OLMAN"

This letter is claimed to be a promise to pay the bill in suit. This, however, is not credible. The plaintiff's communication was dated

October 10th, 1918, four days before the first items of labor and. expense in the bill sued.    It would seem that the correspondence must have related to the September bill which had not then been paid.    The phrase "my money" used by the plaintiff evidently referred to money that he had already earned and not to money that he had not begun to earn.

The court must assume that the dates set forth in the agreed statement are correct.    But if they are not, and if the communications were written after the bill was incurred they do not prove a contract for even assuming that the undertaking by the defendant was that of a principal, the consideration is lacking.    *Ward* v. *Barrows*, 86 Maine, 148.    *Gilbert* v. *Wilbur*, 105 Maine, 74.

No express contract on the part of the defendant to pay the bill in suit is shown.

Turning to the plaintiff's other contention it does not appear from the agreed statement that Mr. Glenn ever was,. or ever claimed to be the agent of the defendant or that the defendant derived any benefit from the plaintiff's services.

The United States Shipping Board Emergency Fleet Corporation apparently owes the plaintiff a sum of money but it is not shown that the defendant is under any legal obligation to pay it.

*Judgment for defendant.*